IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:05CR026 |
| Plaintiff, | ) | |
| | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| -vs- | ) | |
| | ) | |
| JONATHAN SMITH, | ) | |
| aka JON JON, | ) | |
| | ) | |
| Defendant. | ) | PLEA AGREEMENT |

1. Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, and in consideration of the mutual promises set forth below, the following Agreement is entered into by and between the defendant, JONATHAN SMITH, aka JON JON, and the United States of America[1] by Edward F. Feran and Joseph M. Pinjuh, Assistant United States Attorneys.

---

[1] The terms "United States of America" and "government", as used hereinafter in this agreement, are defined as and restricted to mean the United States Attorney's Office for the Northern District of Ohio.

- 2 -

**<u>ADVICE OF RIGHTS, CHARGES AND PENALTIES</u>**

2. The defendant, having been advised of his constitutional rights, including the right to a trial by jury or by the court, the right to confront and cross-examine witnesses against him, the right to call witnesses on his behalf, the right to be represented by an attorney at every stage of the proceedings against him, and the privilege against self-incrimination, specifically and voluntarily waives each of these rights and privileges and agrees to enter a plea of GUILTY to Count 1 of the indictment.

3. Count 1 of the indictment charges the defendant with conspiracy to possess with the intent to distribute and distribution of cocaine base ("crack") in violation of Title 21, §§841(a)(1), (b)(1)(C) and 846, United States Code. The defendant understands that based upon the amount of drugs conspired to possessed with the intent to distribute and distributed in Count 1, that is, more than 1 gram, but less than 2 grams of cocaine base ("crack"), the statutory penalty for Count 1 is a term of not more than 20 years incarceration, a $1,000,000.00 fine, or both, and a mandatory period of at least 3 years of supervised release. The defendant understands that, if he violates the terms and conditions of his supervised release, he can be subjected to an additional period of incarceration.

4. The defendant further understands that in accordance with Title 18, §3013, United States Code, he shall pay a mandatory $100.00 special assessment for each count of conviction

- 3 -

and that such assessment is due and payable on the date of sentencing.

### SENTENCING

5. The defendant understands any recommendations contained herein are not binding on the Court, and the Court may impose any sentence provided by law. Defendant further understands that if the Court imposes a sentence different from what is recommended by the government, the defendant has no right to withdraw his guilty plea. The parties agree to recommend that the Court impose a sentence within the range determined pursuant to the advisory Sentencing Guidelines in accordance with the computations and stipulations set forth below.

6. The defendant understands that sentencing rests within the discretion of the Court; that federal sentencing law requires the Court to impose a sentence which is reasonable and that the Court must consider the advisory United States Sentencing Guidelines in effect at the time of sentencing in determining a reasonable sentence; that in determining the applicable sentencing range, the Court may consider the defendant's relevant conduct and that under some circumstances the Court may depart from the computed sentencing range.

7. The defendant further understands that the guideline sentencing range will be determined by the Court at the time of sentencing, after a presentence report has been prepared by the U.S. Probation Office and reviewed by the parties. The defendant further understands that it is the obligation of the government

- 4 -

to provide to the U.S. Probation Office all known information regarding the defendant and his conduct.

8. For purposes of determining the defendant's statutory penalty and imprisonment range under the United States Sentencing Guidelines, the defendant and government agree and stipulate that the amount of cocaine base ("crack") conspired to be possessed with the intent to distribute and distributed in Count 1 is at least 1 gram, but less than 2 grams, which corresponds to a base offense level of 18. The parties further agree and stipulate that no other specific offense characteristics are applicable.

9. For the purpose of determining whether or not the defendant may be entitled to a three (3) level reduction in his offense level for acceptance of responsibility under §3E1.1(a) and (b), the government agrees to advise the Court, at the time of sentencing, that the defendant timely notified the government of an intent to plead guilty, and to recommend a three level reduction to the sentencing guideline calculation so long as the defendant's conduct continues to reflect his acceptance of responsibility.

10. The defendant understands that the defendant's criminal history category will be determined by the Court after an investigation by the U.S. Probation Office. The defendant acknowledges that the government has not promised nor agreed that the defendant will fall within any particular criminal history category.

- 5 -

11. The defendant understands that the Court, within its discretion, may order the defendant to pay a fine; and that the Court may order the defendant to pay the costs of incarceration and/or supervised release. In assessing any costs of incarceration or supervised release, the Court may be guided by reports issued by the Bureau of Prisons and Administrative Office of the U.S. Courts regarding the average costs of incarceration and supervision.

12. The defendant agrees not to seek a sentence lower than the applicable advisory guideline imprisonment range (other than contemplated in this agreement); however, reserves the right of allocution. The government agrees not to seek a sentence above the applicable advisory guideline imprisonment range; however, reserves the right of allocution. Additionally, in return for the defendant's plea of guilty, the government further agrees not to bring any additional charges for violations known to the United States Attorney's Office for the Northern District of Ohio on the date of the execution of this agreement as it relates to this investigation. Further, the government agrees to move the court at the time of sentencing to dismiss Count 4 of the indictment.

13. Additionally, the defendant is aware that the United States has the authority to request a reduction of sentence for a defendant up to a year after sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure. Should the defendant actually provide sworn testimony or information which

- 6 -

substantially assists the United States or state authorities in the prosecution of criminal cases, the United States Attorney will move this court, pursuant to Rule 35, for an appropriate departure from the defendant's final offense level. The decision as to the extent of the departure and whether the information rises to the level of substantial assistance reposes entirely with the United States Attorney.

### WAIVER OF APPEAL, DEFENSES, AND COLLATERAL ATTACK RIGHTS

14. Defendant acknowledges having been advised by counsel of defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. §3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. §2255. The defendant expressly waives those rights except as reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; (b) any sentence to the extent it exceeds the maximum of the sentencing range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History Category found applicable by the court. Nothing in this paragraph shall act as a bar to the defendant's perfecting any legal remedies he may otherwise have on appeal or collateral attack pertaining to claims of ineffective assistance of counsel or prosecutorial misconduct.

- 7 -

15. In the event the defendant's guilty plea is withdrawn, rejected, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it has knowledge. In such event, defendant waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act or constitutional restrictions on bringing charges.

**FACTUAL BASIS FOR GUILTY PLEA**

16. The defendant agrees that if this matter were to proceed to trial, the United States could prove the following facts beyond a reasonable doubt, and that these facts accurately outline his readily provable offense conduct and specific offense characteristics:

A. Beginning at least as early as January, 2002, and continuing through September, 2004, in the Northern District of Ohio, Eastern Division, and elsewhere, JONATHAN SMITH, aka JON JON, the defendant herein, and Reginald Baines, Lashawn Graham, aka Shawn, Terrence Hill, Carmen Lawrence, Dushawn Sweeney, Jamar Triplett, aka Ned, Donald Harrison, aka Shorty, Mike Williams, Andre Martin, and Dontez Johnson, did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree together and with each other, and with diverse others known and unknown, to possess with the intent to distribute and to distribute more than 1 gram but less than 2 grams of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II narcotic drug controlled substance in violation of

- 8 -

Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and 846.

B. It was part of the conspiracy, that sometime in 2003, SMITH began buying small amounts of cocaine base ("crack") from Donald Harrison, Mike Williams, Andre Martin, and Dontez Johnson. SMITH would sell the crack cocaine to his various customers in the area of West 83rd Street and Detroit Avenue in Cleveland, Ohio. The amount of cocaine base ("crack") possessed and distributed by SMITH during the course of the conspiracy and directly attributable to his actions was more than 1 gram, but less than 2 grams. SMITH was aware that the substance he was possessing and distributing was actually cocaine base ("crack").

C. The defendant acknowledges that the above outline of his conduct does not set forth each and every fact that the government could prove beyond a reasonable doubt, nor does it encompass all of the acts which he committed in furtherance of the offense to which he is pleading guilty.

## ACKNOWLEDGMENTS

17. The defendant, JONATHAN SMITH, aka JON JON, acknowledges that his offer to plead guilty is freely and voluntarily made and that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty. The defendant further declares that he is not now on or under the influence of any drug, medication, liquor, or

- 9 -

other intoxicant or depressant, which would impair his ability to fully understand the terms and conditions of the plea agreement.

18. The defendant, JONATHAN SMITH, aka JON JON, further acknowledges that he has discussed this case and the plea agreement with his attorney in detail and has been advised by his attorney of the constitutional and other rights of an accused, the factual basis for and the nature of the offenses to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea. The defendant further acknowledges and declares that he is fully satisfied with the legal counsel and assistance provided by his attorney.

19. The defendant and his legal counsel further acknowledge that no assurances, promises, or representations have been given by the United States or by any of its representatives which are not contained in this written agreement. This plea agreement sets forth the full and complete terms and conditions of the agreement between the defendant and the government.

5-11-05
Date

*Jonathan Smith*
JONATHAN SMITH
Defendant

5-11-05
Date

*[signature]*
TIMOTHY P. HAFFEY
Attorney for Defendant

- 10 -

May 3, 2005
Date

EDWARD F. FERAN
Assistant U.S. Attorney
Reg. No. 0039083
801 W. Superior Ave., Suite 400
Cleveland, Ohio 44113
(216) 622-3709
(216) 522-7499 (fax)
Edward.Feran@usdoj.gov

5/3/05
Date

JOSEPH M. PINJUH
Assistant U.S. Attorney
Reg. No. 015606 (TN)
801 W. Superior Ave., Suite 400
Cleveland, Ohio 44113
(216) 622-3771
(216) 522-7499 (fax)
Joseph.pinjuh@usdoj.gov

The within Rule 11(c)(1)(B) plea agreement between the United States of America and the defendant, JONATHAN SMITH, consisting of ___10___ typewritten pages, is hereby APPROVED:

PETER C. ECONOMUS
U.S. DISTRICT COURT JUDGE

5-11-05
Date